BO/MSM: USAO 2025R00635

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | * |
| v. | * CRIMINAL NO. PX25CR377 |
| | * |
| CHRISTOPHER ALEXANDER WATTS, | * (Production of Child Pornography, |
| | * 18 U.S.C. § 2251(a); |
| | * Forfeiture, 18 U.S.C. § 2253, |
| Defendant | * 21 U.S.C. § 853(p), 28 U.S.C. § 2461(c)) |
| | * |
| | * **UNDER SEAL** |
| | * |

\*\*\*\*\*\*\*

## INDICTMENT

### COUNT ONE
(Production of Child Pornography)

The Grand Jury for the District of Maryland charges that:

On or about May 11, 2024, in the District of Maryland and elsewhere, the defendant,

**CHRISTOPHER ALEXANDER WATTS,**

did knowingly employ, use, persuade, induce, entice, and coerce Victim 1, a minor, to engage in any sexually explicit conduct as defined in 18 U.S.C. § 2256(2), for the purpose of producing a visual depiction of such conduct, and the defendant knew or had reason to know that such visual depiction would be transported in interstate and foreign commerce; the visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer; and such visual depiction had actually been transported and transmitted using any means and facility of interstate and foreign commerce and in or affecting interstate and foreign commerce.

18 U.S.C. § 2251(a)

## COUNT TWO
### (Production of Child Pornography)

The Grand Jury for the District of Maryland further charges that:

On or about May 10, 2024, in the District of Maryland and elsewhere, the defendant,

**CHRISTOPHER ALEXANDER WATTS,**

did knowingly employ, use, persuade, induce, entice, and coerce Victim 2, a minor, to engage in any sexually explicit conduct as defined in 18 U.S.C. § 2256(2), for the purpose of producing a visual depiction of such conduct, and the defendant knew or had reason to know that such visual depiction would be transported in interstate and foreign commerce; the visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer; and such visual depiction had actually been transported and transmitted using any means and facility of interstate and foreign commerce and in or affecting interstate and foreign commerce.

18 U.S.C. § 2251(a)

## COUNT THREE
### (Production of Child Pornography)

The Grand Jury for the District of Maryland further charges that:

On or about January 14, 2024, in the District of Maryland and elsewhere, the defendant,

### CHRISTOPHER ALEXANDER WATTS,

did knowingly employ, use, persuade, induce, entice, and coerce Victim 3, a minor, to engage in any sexually explicit conduct as defined in 18 U.S.C. § 2256(2), for the purpose of producing a visual depiction of such conduct, and the defendant knew or had reason to know that such visual depiction would be transported in interstate and foreign commerce; the visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer; and such visual depiction had actually been transported and transmitted using any means and facility of interstate and foreign commerce and in or affecting interstate and foreign commerce.

18 U.S.C. § 2251(a)

## COUNT FOUR
### (Production of Child Pornography)

The Grand Jury for the District of Maryland further charges that:

On or about April 3, 2024, in the District of Maryland and elsewhere, the defendant,

**CHRISTOPHER ALEXANDER WATTS**,

did knowingly employ, use, persuade, induce, entice, and coerce Victim 4, a minor, to engage in any sexually explicit conduct as defined in 18 U.S.C. § 2256(2), for the purpose of producing a visual depiction of such conduct, and the defendant knew or had reason to know that such visual depiction would be transported in interstate and foreign commerce; the visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer; and such visual depiction had actually been transported and transmitted using any means and facility of interstate and foreign commerce and in or affecting interstate and foreign commerce.

18 U.S.C. § 2251(a)

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1. Pursuant to Federal Rule of Criminal Procedure 32.2, notice is hereby given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. § 2253, 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c), as a result of the defendant's conviction under any of the offenses alleged in this Indictment.

### Child Pornography Forfeiture

2. Pursuant to 18 U.S.C. § 2253(a), upon conviction of any of the offenses set forth in Counts One through Four of this Indictment, the defendant,

**CHRISTOPHER ALEXANDER WATTS,**

shall forfeit to the United States:

    a. Any visual depiction described in Title 18, United States Code, Sections, 2251, 2251A, 2252, or 2252A, 2252B, or 2260 or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, received, or possessed in violation of Title 18, United States Code, Chapter 110;

    b. Any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from the offense; and

    c. Any property, real or personal, used or intended to be used to commit or to promote the commission of the offense or any property traceable to such property.

### Substitute Assets

3. If any of the property described above, as a result of any act or omission of the Defendant:

5

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property up to the value of the forfeitable property described above pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 2253(b) and 28 U.S.C. § 2461(c).

18 U.S.C. § 2253
21 U.S.C. § 853(p)
28 U.S.C. § 2461(c)

*Kelly O. Hayes / B.O.*
Kelly O. Hayes
United States Attorney

A TRUE BILL:

**SIGNATURE REDACTED**
Foreperson

December 4, 2025
Date